The decision below is signed as a decision of the court.

Signed: March 17, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TITAN RESTAURANTS, INC., | ) | Case No. 06-00472 |
| t/a Dakota Cowgirl, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KEVIN R. McCARTHY, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 08-10034 |
| | ) | |
| AVIANCE MARKETING, INC., | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
===

The plaintiff's motion for default judgment seeks judgment:

> in the amount of $12,663.66, plus interest compounded annually at the prime rate of 4.0% from the [service] date of December 10, 2008 and at the prime rate on each anniversary date thereafter as reflected in the Federal Reserve Statistical Release, plus costs of $250.

Instead, the court will issue a default judgment that will award judgment:

> in the amount of $12,663.66, plus interest at the prime rate of 4.0% from the service date of December 10, 2008, until the date of entry of this judgment, plus

> costs of $250, together with interest on the total judgment from the date of entry of this judgment as specified by 28 U.S.C. § 1961.

As this court observed in *Alberts v. Mac (In re Greater Southeast Commun. Hosp. Corp. I)*, 2006 WL 1174332 *1 (Bankr. D.D.C. Apr. 28, 2006):

> prejudgment interest is generally at the prime rate, not at the rate specified by § 1961. *See Webster v. Harris Corp. (In re NETtel Corp.)*, 327 B.R. 8 (Bankr. D.D.C. 2005). Moreover, given the short-term nature of the loans that a prime rate covers**, it is appropriate to compute interest at the prime rate on an annual basis**. *See In re NETtel Corp.*, 327 B.R. at 13-14. *See also Esser v. First Fed. Fin. Services, Inc. ( In re Carini)*, 245 B.R. 319, 326 (Bankr. E.D. Wis. 2000) ("The plaintiff is also entitled to pre-judgment interest ... computed annually....").

[Emphasis added.] But that passage addressed prejudgment interest, not postjudgment interest. Once prejudgment interest is computed to arrive at the judgment amount as of the date of entry of the judgment, postjudgment interest is governed by 28 U.S.C. § 1961, not the prime rate.[1]

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

---

[1] *See In re Greater Southeast Commun. Hosp. Corp. I*, 2006 WL 1174332 at *1 ("[P]rejudgment interest runs until the entry of the judgment and, with the principal obligation and any costs taxed, becomes part of the judgment amount upon which interest then runs from the date of entry of the judgment as provided by 28 U.S.C. § 1961.").